# EXHIBIT "B"

# COMPLAINT

Filed 16-CI-004761 09/29/2016 David L. Nicholson, Jefferson Circuit Clerk

COMMONWEALTH OF KENTUCKY
JEFFERSON CIRCUIT COURT
DIVISION _____
JUDGE _____
CASE NO. _____

BARBARA GILBERT                                                      Plaintiff

v.                              **COMPLAINT**

NATIONAL CREDIT SYSTEMS, INC.                          Defendants

    **Serve:**
    C T Corporation System
    306 W Main St
    Suite 512
    Frankfort, KY 40601

EXPERIAN INFORMATION SOLUTIONS, INC.

    **Serve:**
    C T Corporation System
    306 W Main St
    Suite 512
    Frankfort, KY 40601

TRANS UNION LLC

    **Serve:**
    The Prentice Hall Corporation System
    421 West Main Street
    Frankfort, KY 40601

-and-

EQUIFAX, INC.

    **Serve:**
    The Prentice Hall Corporation System
    421 West Main Street
    Frankfort, KY 40601

\* \* \* \* \*

The Plaintiff, Barbara Gilbert, by counsel, for her Complaint against Defendants, National Credit Systems, Inc., Trans Union, LLC, Experian Information Solutions, Inc., and Equifax, Inc., states as follows:

## INTRODUCTION

1. This is an action for actual and statutory damages brought by Ms. Gilbert against the Defendants for willful, knowing, and/or negligent violations of Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1681 *et seq.* (known as the "Fair Credit Reporting Act", hereafter the "*FCRA*"), which relates to the compilation and dissemination of consumer credit and other financial information. Ms. Gilbert also asserts a cause of action against Defendant National Credit Systems, Inc., for violation of Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1692 *et seq.*, (known as the "Fair Debt Collection Practices Act," hereafter the "*FDCPA*"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debt and in connection therewith.

## JURISDICTION AND VENUE

2. Ms. Gilbert is a resident of Jefferson County, Kentucky. Ms. Gilbert is a "consumer" as that term is contemplated in the FCRA and FDCPA and with respect to the matters referenced herein.

3. Defendant, National Credit Systems, Inc. ("*Defendant*" or "*NCS*"), is a corporation organized and existing under the laws of the State of Georgia, having principal offices

located at 3750 Naturally Fresh Blvd., Atlanta, Georgia 30349. At all pertinent times herein, NCS was engaged in the business of collecting consumer debt in the Commonwealth of Kentucky. NCS is a "debt collector" as said term is defined in the FDCPA and is a "furnisher" as said term is used in the FCRA and with respect to the matters contained herein.

4. Defendant, Trans Union, LLC ("***Defendant***" or "***Trans Union***"), is a limited liability company organized and existing under the laws of the State of Delaware and is engaged in the business of acquiring, using, furnishing, and disseminating consumer information in the Commonwealth of Kentucky. Trans Union has principle offices located in Chicago, Illinois. Trans Union is a "consumer reporting agency," as said term is defined and/or contemplated in the FCRA, with respect to the matters referenced herein.

5. Defendant, Experian Information Solutions, Inc. ("***Defendant***" or "***Experian***"), is a limited liability company organized and existing under the laws of the State of Ohio and is engaged in the business of acquiring, using, furnishing, and disseminating consumer information in the Commonwealth of Kentucky. Experian has principle offices located in Costa Mesa, California. Experian is a "consumer reporting agency," as said term is defined and/or contemplated in the FCRA, with respect to the matters referenced herein.

6. Defendant, Equifax, Inc. ("***Defendant***" or "***Equifax***"), is a corporation organized and existing under the laws of the State of Georgia and is engaged in the business of acquiring, using, furnishing, and disseminating consumer information in the Commonwealth of Kentucky. Equifax has principle offices located in Atlanta, Georgia. Equifax is a "consumer reporting agency," as said term is defined and/or contemplated in the FCRA, with respect to the matters referenced herein.

3

7.   The Plaintiff seeks damages in excess of the minimum amount necessary to establish jurisdiction in this Court.

8.   The Court has jurisdiction over this matter pursuant to Ky. Const. 112(5) and KRS 23A.010(a).

## FACTS

9.   In or around January, 2015, Defendant NCS reported false and derogatory information about Plaintiff to one or more credit reporting agencies, including defendants Trans Union, Experian, and Equifax concerning an alleged debt owed to Knobs Pointe Apartments, reported as a "collections account."

10.  Plaintiff did not owe a debt to Knobs Pointe Apartments. Although she leased an apartment from Knobs Pointe Apartments, she did not owe any money at the termination of the lease.

11.  In or around February 3, 2016, Plaintiff, through counsel, mailed a letter to Defendants Trans Union, Experian, and Equifax, wherein she disputed the accuracy of a trade line by Defendant NCS appearing on her consumer reports. In support of the dispute, Plaintiff provided an affidavit.

12.  Defendants failed to adequately investigate Ms. Gilbert's dispute, delete the erroneous or unverifiable information, or suppress the reporting of the disputed information.

13.  In or around March, 2016, Defendant NCS reported false, derogatory information to one or more credit reporting agencies relating to the subject debt.

4

Filed 16-CI-004761 09/29/2016 David L. Nicholson, Jefferson Circuit Clerk

14. From February 3, 2016 through the present, Defendants Trans Union, Experian, and Equifax included the disputed information in Ms. Gilbert's credit files and disseminated this information to others.

15. Because of the aforesaid collections account appearing in Plaintiff's consumer reports, Plaintiff suffered actual harm, credit denials, and other pecuniary loss, including attorney's fees, postage, and costs.

16. As a direct and proximate result of Defendants' errors and/or omissions, Ms. Gilbert suffered other damages, including but not limited to increased cost of credit, emotional and mental anguish, turmoil, stress, embarrassment, humiliation, emotional distress, inconvenience, loss of privacy, loss of commercial viability, harm to reputation, expenses, and decrease to her credit score, credit rating, and perceived credit worthiness.

17. The Defendants' conduct and/or inaction as alleged herein was intentional, malicious, fraudulent, or oppressive, and was carried out in reckless disregard for the rights of Ms. Gilbert, warranting imposition of the maximum statutory penalties under the law and punitive damages.

**Count I: Willful Noncompliance with the FCRA**

18. Between approximately January 30, 2015 and the present, Defendants Trans Union, Experian, and Equifax willfully failed to comply with the requirements of the FCRA, by, *inter alia*:

   a. failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff in her consumer files, in violation of 15 U.S.C. § 1681e(a); and,

Package:000007 of 000011
Presiding Judge: HON. A. C. MCKAY CHAUVIN (630220)
Package : 000007 of 000011

5

  b. failing to conduct a reasonable reinvestigation to determine whether the information disputed by Plaintiff was inaccurate and record the current status of the disputed information, or delete the item from the file, within thirty (30) days of receipt of Plaintiff's dispute, in violation of 15 U.S.C. § 1681i(a)(1)(A);

19. In or around March 2016 Defendant National Credit Systems, Inc. willfully failed to comply with the requirements of the FCRA, by, *inter alia*, failing to:

  a. conduct an investigation with respect to the disputed information, in violation of in violation of 15 U.S.C. § 1681s-2(b)(1)(A);

  b. review all relevant information provided to it by the consumer reporting agency, in violation of 15 U.S.C. § 1681s-2(b)(1)(B);

  c. report the results of the investigation to the national consumer reporting agencies, in violation of 15 U.S.C. § 1681s-2(b)(1)(C) and (D); or,

  d. modify, delete, or permanently block the reporting of the disputed information, in violation of 15 U.S.C. § 1681s-2(b)(1)(E).

20. As a result of the Defendants' willful violations of the FCRA, Ms. Gilbert has suffered harm and these Defendants are liable to Ms. Gilbert for actual damages, statutory damages, punitive damages, plus attorney's fees and costs.

### Count II: Negligent Noncompliance with the FCRA

21. In the alternative, Defendants were negligent in failing to comply with the requirements of the FCRA and are liable to Ms. Gilbert for actual damages, plus attorney's fees and costs.

6

### Count III: Violation of the FDCPA

22. Defendant National Credit Systems, Inc.'s representations to Plaintiff and Defendants Trans Union, Experian, and Equifax regarding the debt were materially false, deceptive, and/or misleading, in violation of 15 U.S.C. § 1692e.

23. In its communications with Plaintiff and Defendants Trans Union, Experian, and Equifax, Defendant National Credit Systems, Inc. misrepresented the the character, amount, and legal status of the debt, in violation of 15 U.S.C. § 1692e(2); and falsely represented or implied that: (a) the debt was valid, due and owing; and (b) that Plaintiff was obligated to pay the debt, in violation of 15 U.S.C. § 1692e, and that Defendant National Credit Systems, Inc. was a consumer reporting agency, in violation of 15 U.S.C. § 1692e(16).

24. Defendant National Credit Systems, Inc used unfair or unconscionable means to collect or attempt to collect the subject debt, by, *inter alia,* seeking to collect a debt from Plaintiff without having adequate documentation of the debt in its file, in violation of 15. U.S.C. § 1692f; and by seeking to collect amounts from Plaintiff that were not authorized by agreement or permitted by law, in violation of 15 U.S.C. § 1692f(1).

25. In connection with the collection of the debt, Defendant National Credit Systems, Inc. engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff, by, *inter alia,* causing damage to Plaintiff's credit, in violation of 15 U.S.C. § 1692d.

26. Defendant National Credit Systems, Inc.'s unlawful actions as described above and as set forth above caused Plaintiff to sustain actual damages, in the form of mental and emotional distress, pain and suffering, inconvenience, turmoil, disgrace, embarrassment, anxiety, humiliation, physical and mental upset, stress, embarrassment, loss of commercial viability, loss

of credit opportunities, invasion of privacy, pecuniary loss, and damage to credit rating, credit score, reputation, and perceived credit worthiness.

27. With respect to the additional damages that may be awarded pursuant to 15 U.S.C. § 1692k(a)(2)(A), Defendant National Credit Systems, Inc.'s noncompliance with the FDCPA is intentional, frequent, widespread and affects a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

28. National Credit Systems, Inc.'s conduct as herein alleged entitles Plaintiff to relief against the Defendant National Credit Systems, Inc. in the form of an award of actual damages, statutory damages, plus attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ms. Gilbert, demands a judgment against Defendants for the following relief:

- a. actual damages;
- b. statutory damages;
- c. punitive damages;
- d. attorney's fees and costs;
- e. pre- and post-judgment interest; and,
- f. any other relief to which Plaintiff may appear entitled.

8

Filed          16-CI-004761     09/29/2016          David L. Nicholson, Jefferson Circuit Clerk

Respectfully submitted,

*/s/ Zachary L. Taylor*
ZACHARY L. TAYLOR
2815 Taylorsville Road, Suite 102
Louisville, Kentucky 40205
Phone | Fax: (502) 822-2500
ztaylor@taylorlawcenter.com

*Counsel for Ms. Gilbert*

Package:000011 of 000011

Presiding Judge: HON. A. C. MCKAY CHAUVIN (630220)

Package : 000011 of 000011

Filed          16-CI-004761     09/29/2016          David L. Nicholson, Jefferson Circuit Clerk